

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:12CR31(1) |
| | § | |
| MARCUS RASHAWN WILLIAMS | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 29, 2012, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Marcus Rashawn Williams, on **Count One and Count Two** of the charging **Superseding Indictment** filed in this cause.

Count One of the Superseding Indictment charges that from on or about 2003, the exact date being unknown to the Grand Jury, to on or about April 26, 2012, in the Eastern District of Texas and elsewhere, Marcus Rashawn Williams, a/k/a "Nook", a/k/a "Nuk", Joe Nathan

1

Womack, a/k/a "Gotti" and Laquesha Antwine McClain, a/k/a "Laquesha Williams Slaughter", defendants, did knowingly, willfully, and unlawfully conspire, combine, confederate, and agree with others known and unknown to the Grand Jury, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL, all in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 and all in violation of 21 U.S.C. § 846.

Count Two of the Superseding Indictment charges that from on or about 2003, the exact date being unknown to the Grand Jury, to on or about April 26, 2012, in the Eastern District of Texas and elsewhere, Marcus Rashawn Williams, a/k/a "Nook", a/k/a "Nuk", Joe Nathan Womack, a/k/a "Gotti" and Laquesha Antwine McClain, a/k/a "Laquesha Williams Slaughter", defendants, did knowingly, willfully, and unlawfully conspire, combine, confederate, and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute five (5) kilograms of more of a Schedule II controlled substance, namely cocaine HCL, in violation of 21 U.S.C. § 846, knowing that the property involved represented the proceeds of some form of unlawful activity, with the intent to conceal and disguise the nature, source, or ownership of such proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), said financial transactions being the receiving of or attempting to receive and the delivery or attempted delivery of a bulk money shipments of United States currency received from purchasers of cocaine HCL provided by the Williams and Womack drug trafficking

organization for the purpose of delivery to co-conspirators in the Southern District of Texas via transportation of the tainted proceeds through the Eastern District of Texas, all in violation of 18 U.S.C. § 1956(h).

Defendant, Marcus Rashawn Williams, entered a plea of guilty to Count One and Count Two of the Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

    d.    That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 21 U.S.C. § 846 and 18 U.S.C. § 1956(h).

**STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the Government presented a detailed factual basis. *See Factual Basis.* In support, the Government proffers that if this case were to proceed to trial the Government would prove beyond a reasonable doubt, through the sworn testimony of witnesses, including expert witnesses, and through admissible exhibits, each and every essential element of the crimes charged in Count One and Count Two of the Superseding Indictment. The Government would also prove that the defendant is one and the same person charged in Count One and Two of the Superseding Indictment and that the events described in the Superseding Indictment occurred in the Eastern District of Texas.

The Court incorporates the proffer of evidence described in detail in the factual basis in support of the guilty plea. The Court also finds that if the case proceeded to trial, the Government would prove, beyond a reasonable doubt, each and every essential element of Count One and Count Two of the Superseding Indictment.

Defendant, Marcus Rashawn Williams, did not stipulate to the Government's version of the facts as set forth in detail in the Government's Factual Basis and he disagreed with some of the details contained within the Factual Basis, such as specific drug amounts and dates. However, Marcus Rashawn Williams agreed that the Government could prove each and every essential element of the crimes charged in Count One and Count Two of the Superseding Indictment beyond a reasonable doubt. The defendant also stipulated that he did engage in criminal conduct which constitutes the crimes charged in Count One and Count Two. The defendant further stated on the record that he committed conduct establishing each of the essential elements of the

offenses charged in Count One and Count Two. He and his counsel announced all of these stipulations on the record at the guilty plea hearing.

Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offenses charged in **Count One and Count Two** of the charging **Superseding Indictment** on file in this criminal proceeding. Accordingly, it is further recommended that, Defendant, Marcus Rashawn Williams be finally adjudged as guilty of the charged offenses under **Title 21, United States Code, Section 846, and Title 18, United States Code, Section 1956(h).**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject the plea and that the District Court can decline to sentence Defendant in accordance the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. Defendant has the right to allocute before the District Court before imposition of sentence.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 29th day of August, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE