| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:12-CR-31 (1) |
| | § | |
| MARCUS RASHAWN WILLIAMS | § | |

**MEMORANDUM AND ORDER**

Pending before the court Marcus Rashawn Williams's ("Williams") *pro se* letter (#191) in which Williams requests a copy of certain documents filed in his criminal case. Having considered Williams's letter and the applicable law, the court is of the opinion that Williams's request should be denied.

I.  Background

On August 29, 2012, Williams pleaded guilty to (1) conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine HCL in violation of 21 U.S.C. § 846 and (2) conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). On March 4, 2013, the court sentenced Williams to 235 months' imprisonment followed by a five-year term of supervised release as to Count One, and 235 months' imprisonment followed by a three-year term of supervised as to Count Two, all to run concurrently. The court later reduced Williams's concurrent sentences to 188 months' imprisonment following amendments to the United States Sentencing Guidelines.

Williams appealed the court's judgment, and the United States Court of Appeals for the Fifth Circuit dismissed his appeal as frivolous on January 22, 2014 (No. 13-40296). On March 27, 2014, Williams filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was opened as Civil Case No. 1:14-CV-181. On March 28, 2017, the court

entered an order adopting the United States Magistrate Judge's Report and Recommendation to deny Williams's § 2255 motion. Williams again appealed the court's order, which the Fifth Circuit denied on February 27, 2018 (No. 17-40445). On January 16, 2019, Williams filed his third appeal (No. 19-40030), which is currently pending before the Fifth Circuit. Williams now asks the court to send him a copy of docket entry #s 9, 10, 11, 12, 13, 16, 26, and 29 from his criminal case. In support of his request for court records, he states, "These documents are being obtained for my ongoing criminal litigation in court, in which, [*sic*] they will be used as criminal exhibits in [*sic*] my behalf."

II.  Analysis

Federal statutes govern the availability of court records at government expense to indigent petitioners seeking post-conviction relief. *See* 28 U.S.C. § 753(f) (covering transcripts); § 2250 (covering other court records). Under § 2250, in order to obtain court records, "[t]he petitioner must first make a showing of indigency, then 'need and relevance.'" *Wiggins v. United States*, No. 101CR49, 2005 WL 1362234, at *2 (S.D. Miss. June 3, 2005) (quoting *Althouse v. Cockrell*, Nos. 3:01-CV-0779, 3:01-CV-2154, 3:01-CV-21550, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004)); *see Walton v. Davis*, 730 F. App'x 233, 234 (5th Cir. 2018); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970); *Shelton v. Stephens*, No. 3:16-CV-700-M-BN, 2016 WL 1464561, at *1 (N.D. Tex. Apr. 14, 2016). "A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." *Walker*, 424 F.2d at 279; *see United States v. Watson*, No. 02-30604, 2003 WL 1109766, at *1 (5th Cir. 2003) (holding that petitioners are "not entitled to conduct a 'fishing expedition' to locate possible errors"); *United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir.) ("This

2

Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent."), *cert. denied*, 414 U.S. 861 (1973); *United States v. Delgado*, No. 06CR60074-08, 2012 WL 2952425, at *2 (W.D. La. July 18, 2012) ("[A]n indigent defendant has no constitutional right to acquire a free copy of her transcript or other court records for use in a collateral proceeding.").

Because Williams seeks a copy of his court records at the government's expense, he must satisfy the requirements of § 2250. In his present filing, however, he identifies no particular need for the court records, nor does he identify a substantial question relevant to appeal. *See Frazier v. Foxworth*, 697 F. App'x 840, 841 (5th Cir. 2017); *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.), *cert. denied*, 471 U.S. 1126 (1985). Moreover, Williams has no habeas application pending before the court. *See Walton*, 730 F. App'x at 234 (under § 2250, upon a showing of need and relevance, "a movant for a writ of habeas corpus is entitled to copies of court records without cost where he has been granted leave to proceed IFP and his federal habeas motion is pending before the court." (citing *Walker*, 424 F.2d at 278-79)); *United States v. Agbomire*, 239 F. App'x 929, 929-30 (5th Cir. 2007) (upholding the district court's denial of a request for copies of court records where the defendant did not have a § 2255 petition pending). Indeed, the court's denial of Williams's habeas petition, Civil Case No. 1:14-CV-181, has already been affirmed by the Fifth Circuit. Given the lack of demonstrated need or relevance, it appears that Williams wishes merely to go on a "fishing expedition to locate possible errors." *Watson*, 2003 WL 1109766, at *1. Accordingly, the court concludes that he is not entitled to the requested documents at the government's expense.

III.     Conclusion

Consistent with the foregoing analysis, Williams's request (#191) is DENIED.  The Clerk of Court is directed, however, to send him instructions for ordering copies of court records at his own expense.

SIGNED at Beaumont, Texas, this 15th day of April, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE